**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Ronald J. GIANELLI, Defendant— Appellant.**

No. 01–10661.

D.C. No. CR–86–20083–SW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 11, 2002.

Decided Feb. 3, 2003.

Before TASHIMA, THOMAS and PAEZ, Circuit Judges.

**832**

MEMORANDUM *

Ronald Gianelli appeals the district court's order establishing a monthly payment plan for satisfaction of the unpaid balance of a restitution order imposed in 1987. We have jurisdiction under 28 U.S.C. § 1291, and we vacate the district court's order and remand for further proceedings.

The payment plan resulted from Gianelli's sentence for mail fraud in 1987, for which he was ordered "to make restitution [to the United States] in the amount of $125,000.00." The judgment, however, does not reflect the statutory basis for the restitution order, nor does it state that restitution is a term and condition of probation. This omission is significant, as the statutory basis upon which the district court relied to impose restitution may determine whether the restitution order is still enforceable.

When the district court sentenced Gianelli in May 1987 there were two statutes upon which it could have based its restitution order: either the Federal Probation Act ("FPA"), 18 U.S.C. § 3651 (repealed Nov. 1, 1987), or the Victim and Witness Protection Act ("VWPA"), 18 U.S.C. §§ 3579, 3580 (now codified at 18 U.S.C. §§ 3663, 3664 (2002)). Under the FPA, restitution could be ordered only as a condition of probation, but probation could be imposed only for a maximum of five years. *See* 18 U.S.C. § 3651 (1982). Thus, as the government acknowledged at argument, if the district court ordered restitution pursuant to the FPA, Gianelli's obligation to pay restitution would have expired with the termination of his five year term of probation in May 1992. *See id.* On the other hand, if the court ordered restitution pursuant to the VWPA, the restitution order may still be enforceable because, at the time of Gianelli's sentencing in May 1987, the VWPA did not establish a limitations period.[1] Thus, a proper resolution of Gianelli's appeal requires that we ascertain the statutory basis for the payment of restitution.

We have reviewed the district court's Judgment and Probation/Commitment Order and the available records, and we are unable to discern the statutory basis for the court's restitution order. Under these circumstances, we vacate the district court's order of October 17, 2001, and remand so that the district court may specify the statutory basis upon which it relied to order restitution. *See United States v. Baggett,* 125 F.3d 1319, 1323 (9th Cir. 1997).

We note that whether the district court considered Gianelli's ability to pay restitution may well be a critical factor in determining the statutory basis for restitution. Under the version of the VWPA in effect at the time of Gianelli's sentence, the district court was required to determine a defendant's ability to pay restitution before ordering restitution as part of its sentence. *See* 18 U.S.C. §§ 3579, 3580 (1982); *see also Baggett,* 125 F.3d at 1322. Under the former FPA, however, the district court could have imposed restitution without considering the defendant's ability to pay. *See* 18 U.S.C. § 3651 (1982); *see also United States v. Barany,* 884 F.2d 1255, 1259 (9th Cir.1989). The transcript of the sentencing hearing, the presentence report

---

**1.** We express no opinion, however, on the merits of Gianelli's contention that the Federal Debt Collection Procedures Act, 28 U.S.C. § 3203, established a ten year limitations period to the government's ability to enforce the restitution order.

and the district court's own records may well reveal what information it considered when it ordered Gianelli to pay restitution and may assist the court in its determination.

If the district court determines that the VWPA was the statutory basis for the payment of restitution, it shall reinstate its October 17, 2001, order.

VACATED and REMANDED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.