# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ALVIN RAY QUARLES,
        *Plaintiff-Appellant,*

    v.

A. KANE, Warden; J. WOODFORD,
Director of Corrections and
Rehabilitation,
        *Defendants-Appellees.*

No. 06-16308

D.C. No.
CV-06-02724-MJJ

OPINION

Appeal from the United States District Court
for the Northern District of California
Martin J. Jenkins, District Judge, Presiding

Submitted March 12, 2007*

Filed April 6, 2007

Before: Alex Kozinski, Edward Leavy and Jay S. Bybee,
Circuit Judges.

Per Curiam Opinion

---

*This panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

**COUNSEL**

Alvin Ray Quarles, pro se, Soledad, California, for the appellant.

**OPINION**

PER CURIAM:

Alvin Ray Quarles, a California state prisoner, appeals pro se the dismissal for failure to state a claim, pursuant to 28 U.S.C. § 1915A, of his action under 42 U.S.C. § 1983. He claims that his plea agreement and his constitutional rights were violated when, pursuant to a post-conviction amendment to Cal. Penal Code § 2085.5, the amount of restitution payments deductible from his prison wages was increased to a maximum of 50% of the wages, and restitution payments were made deductible from trust accounts as well as from wages. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Quarles alleges that he was convicted in 1989. He alleges that in his plea agreement he agreed to pay restitution of $10,000, which was to be collected pursuant to section 2085.5. At that time section 2085.5 provided that "the Director of Corrections may deduct a reasonable amount not to exceed 20 percent from the wages of a prisoner." In 1992 section 2085.5 was amended to authorize deduction of a minimum of 20% to a maximum of 50% of an inmate's wages and deposits. Quarles alleges that in October 2003 he received a trust account statement indicating that 33% of his wages had been taken for restitution.

[1] The amendment to section 2085.5 did not increase the amount of restitution, but rather increased the permissible rate at which restitution payments may be collected. This amendment did not violate the Ex Post Facto Clause because it did not impose additional punishment on Quarles. *See Russell v. Gregoire*, 124 F.3d 1079, 1085 (9th Cir. 1997).

[2] Quarles also contends that, because his plea agreement stipulated that he would pay restitution pursuant to section 2085.5, and that at the time he entered into the agreement sec-

tion 2085.5 allowed for a maximum of 20% deduction of wages, the 1992 amendment to that section which increased the permissible wage to 50% violated his plea agreement. However, Quarles does not allege that his plea agreement specified an exact percentage to be deducted from his wages. Having agreed to have the restitution payments governed by statute, he assumed the risk that the statute might be amended. The amendment to section 2085.5 therefore does not violate Quarles' plea agreement. *See United States v. Cardenas*, 405 F.3d 1046, 1048 (9th Cir. 2005).

**AFFIRMED.**