**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

RONALD J. GIANELLI,
        *Defendant-Appellant.*

No. 07-10233

D.C. No.
CR-86-20083-RMW

ORDER AND
OPINION

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Argued and Submitted
February 12, 2008—San Francisco, California

Filed September 17, 2008

Before: William C. Canby, Jr., David R. Thompson, and
Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge Thompson

## COUNSEL

Patrick James Sullivan, Oakland, California, for the defendant-appellant.

Richard A. Friedman, United States Department of Justice, Washington, D.C., for the plaintiff-appellee.

## ORDER

The appellant Gianelli's Petition for Rehearing is GRANTED. The opinion filed March 20, 2008, and published as *United States v. Gianelli*, 519 F.3d 962 (9th Cir. 2008), is withdrawn. In place of that withdrawn opinion, a new opinion is filed with this Order.

The parties are not precluded from filing further petitions for rehearing.

## OPINION

THOMPSON, Senior Circuit Judge:

In May of 1987, Ronald J. Gianelli ("Gianelli") pleaded guilty to one count of mail fraud, 18 U.S.C. § 1341, in the Northern District of California. As part of his sentence he was ordered to pay restitution to the federal government in the amount of $125,000. Gianelli did not appeal that judgment.

Gianelli now appeals a May 2007 district court order reinstating an October 17, 2001 Order Imposing Payment Plan aimed at collecting the remaining amount of restitution owed. Gianelli contends that the government is barred from enforcing the restitution judgment because ten years from the date of that judgment passed on May 13, 1997, and California state law precludes enforcement of a judgment after that period of time. He further argues that the original $125,000 restitution amount was improper because it was not predicated upon the government's actual loss, as required by *Hughey v. United States*, 495 U.S. 411 (1990).

We have jurisdiction under 28 U.S.C. § 1291. We conclude that Gianelli waived the right to appeal the amount of the restitution order by failing to file a direct appeal, and we affirm

the district court's May 1, 2007 order reinstating the October 17, 2001 payment plan.

## I. BACKGROUND

An indictment filed on July 31, 1986, in the United States District Court for the Northern District of California charged Gianelli with six counts of mail fraud, conspiracy to defraud the United States, and 17 counts of receiving kickbacks on subcontracts for Defense Department procurement contracts. Gianelli pleaded guilty to one count of mail fraud. The remaining counts were dismissed. He was sentenced on May 13, 1987 to five years of imprisonment, with all but six months suspended, and ordered to pay $125,000 in restitution to the United States. The remaining counts were dismissed.

On October 29, 1991, while Gianelli was on probation, he entered into an agreement with the Probation Office that he would make payments of $100 per month toward the satisfaction of his restitution debt. Gianelli substantially made the payments as agreed. Then, on December 15, 1999, in an attempt to satisfy the outstanding balance of $109,300, the government applied for a writ of execution under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3203. The government wanted to levy the writ on a house and 52 acres of land belonging to Gianelli. After numerous objections, the district court, by a September 19, 2001 order, adopted the magistrate judge's finding that the United States was "entitled to issuance of the writ," but the court suggested an alternative payment plan by which "in lieu of execution . . . it would be just . . . to allow [Gianelli] to pay his debt in monthly installments, including interest so as to provide the United States with the full value to which it is entitled . . . ."

On September 25, 2001, Gianelli agreed to the installment payment alternative, but expressly reserved his objection to the government's right to collect his restitution obligation. On October 17, 2001, the district court entered the installment

payment order. On October 26, 2001, Gianelli timely filed his notice of appeal from that order. Gianelli argued that the district court lacked authority to order him to make further payment on his restitution obligation because under California state law that obligation expired in 1997, ten years after the restitution judgment in the case.

On February 3, 2003, we vacated the district court's October 17, 2001 installment payment order, and remanded for further proceedings to determine whether restitution was ordered under the Federal Probation Act ("FPA"),[1] or the Victim Witness Protection Act ("VWPA").[2] *See United States v. Gianelli*, 55 Fed. App'x. 831, 832 & n.1 (9th Cir. 2003). We did not reach the question whether the restitution obligation was still extant. *Id.*

On remand, the district court determined that the statutory basis for the restitution order was the VWPA. The district court then entered its May 1, 2007 order, reinstating the October 17, 2001 payment plan. The district court found that Gianelli had waived his argument as to the propriety of the amount of restitution by failing to appeal the 1987 judgment. The district court thus declined to consider Gianelli's argument that the original $125,000 restitution amount was not the government's actual loss as required by the VWPA under *Hughey*, 495 U.S. 411. The district court determined that the "VWPA did not at the time of defendant's offense limit the time in which [restitution] could be enforced." The district court also noted that "[d]uring the pendency of this remand . . . the United States received payment of $80,901.88 from the [voluntary] escrow sale of [Gianelli's] real property . . .

---

[1]18 U.S.C. § 3651, *repealed by* Sentencing Reform Act of 1984, Pub. L. No. 98-473, § 212(a)(2), 98 Stat. 1837 (1984) (effective Nov. 1, 1987).

[2]Pub. L. No. 97-291, § 5(a), 96 Stat. 1248 (1982) (codified at 18 U.S.C. §§ 3579(h) & 3580), *renumbered by* Sentencing Reform Act of 1984, Pub. L. No. 98-473, § 212(a)(1), 98 Stat. 1837 (1984) (now at 18 U.S.C. §§ 3663 and 3664).

[and] [t]he parties have stipulated that if the court finds that the restitution order is not time-barred . . . these funds will be applied to and fully satisfy defendant's restitution debt, absent a contrary order from the court of appeals." Gianelli now appeals this May 1, 2007 order.

## II.  STANDARD OF REVIEW

We review de novo questions of statutory interpretation. *United States v. Horvath*, 492 F.3d 1075, 1077 (9th Cir. 2007). "Whether an appellant has waived his statutory right to appeal is [also] a matter of law reviewed de novo." *United States v. Shimoda*, 334 F.3d 846, 848 (9th Cir. 2003) (internal citations omitted).

## III.  DISCUSSION

### A.  Enforcement of Restitution under the VWPA

On remand, the district court determined that the restitution order was predicated upon the VWPA. Gianelli does not dispute this determination. He argues that, under the then existing version of the VWPA, the government is forbidden from collecting the balance of his restitution debt because under California state law the ability to collect the restitution balance expired ten years after the date of his conviction.[3]

**[1]** Gianelli is correct that California law typically precludes the issuance of a writ of execution to enforce a judgment when 10 years has passed since the judgment was entered. Cal. Civ. Proc. Code § 683.020. The VWPA provides that a judgment under that Act "may be enforced by the United States or a victim named in the order to receive the restitution in the same manner as a judgment in a civil action." 18 U.S.C. § 3579(h), *renumbered by* Sentencing Reform Act of 1984, Pub. L. No. 98-473, § 212(a)(1), 98 Stat.

---

[3]Judgment was entered in his case on May 13, 1987.

1837 (1984), *repealed by* Antiterrorism & Effective Death Penalty Act of 1996, Pub. L. No. 104-132, § 205(a)(2), 110 Stat. 1214, 1230 (1996). As Gianelli points out, according to Federal Rule of Civil Procedure 69(a)(1) federal enforcement by writ of execution "must accord with the procedure of the state where the court is located . . . ." Fed. R. Civ. P. 69(a)(1).

**[2]** Although Federal Rule of Civil Procedure 69(a)(1) provides that the federal government's enforcement by writ of execution "must accord with the procedures of the state where the court is located," that Rule goes on to provide that notwithstanding this directive, "a federal statute governs to the extent it applies." Fed R. Civ. P. 69(a)(1). The Federal Debt Collection Procedures Act of 1990 ("FDCPA") is such a statute. The FDCPA provides that, with the exception of conflicting federal law, it "provides the exclusive civil procedures for the United States to . . . recover a judgment on a debt." 28 U.S.C. § 3001. "Debt" includes "an amount that is owing to the United States on account of . . . restitution . . . ." 28 U.S.C. § 3002(3)(B); *see also United States v. Mays*, 430 F.3d 963, 965 (9th Cir. 2005) (concluding that the FDCPA's civil enforcement remedies may be used to enforce orders of restitution entered under the MVRA[4]). The FDCPA further provides that it "shall preempt State law to the extent such law is inconsistent." 28 U.S.C. § 3003(d).

**[3]** Contrary to Gianelli's argument, the California state law at issue, California Civil Procedure Code section 683.020 (1987), which would preclude enforcement of a restitution judgment after ten years from the entry of that judgment, is such an inconsistent state law and is, therefore, preempted. The FDCPA provides no time limit for the collection of debts by writ of execution. *See* 28 U.S.C. § 3203. Further, because the purpose of the FDCPA "is to create a comprehensive statutory framework for the collection of debts owed to the

---

[4]The statutory analysis in *Mays* applies equally to restitution ordered under the VWPA. *See* 18 U.S.C. §§ 3663(d); 3664(m)(1)(A)(i); 3613(a).

United States government [and to] improve the efficiency and speed in collecting those debts," H.R. Rep. No. 101-736, at 32 (1990), a state law limiting such collection is inconsistent with the purpose of the act and is, therefore, preempted. *See Mays*, 430 F.3d at 965 (noting that the "FDCPA was enacted 'to give the Justice Department uniform Federal procedures— prejudgment remedies and postjudgment remedies—to collect debts owed the United States nationwide.' ") (quoting H.R. Rep. No. 103-883, at 81 (1995)).

Although not binding upon us, the reasoning of *United States v. Pierce*, 231 B.R. 890, 893 (E.D.N.C. 1998) supports our conclusion. In *Pierce*, the district court rejected the argument that where the government proceeded to enforce a judgment under the FDCPA, Federal Rule of Civil Procedure 69(a)(1) incorporated a state law limitation prohibiting enforcement after ten years. *Id.* That court reasoned that, in light of the legislative history underlying the FDCPA and the language of the statute itself, binding the federal government to state law limitations on enforcement "would completely thwart the FDCPA's stated purpose of the creation of uniform federal procedures for the collection of debts to the federal government." *Id.* We agree.

We also reject Gianelli's contention that the Ex Post Facto Clause precludes enforcement of the extant restitution judgment under the FDCPA. It is well established that an Ex Post Facto violation occurs when a law "changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." *Carmell v. Texas*, 529 U.S. 513, 522, 525 (2000) (quoting *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 390, 1 L.Ed. 648 (1798)). Procedural changes, such as the enforcement mechanism provided by the FDCPA in Gianelli's case, which do not "alter[ ] the definition of criminal conduct or increase[ ] the penalty by which a crime is punishable," do not violate the Ex Post Facto Clause. *California Dep't of Corrections v. Morales*, 514 U.S. 499, 506 n.3 (1995); *see also Quarles v. Kane*, 482 F.3d 1154, 1155 (9th

Cir. 2007) (amendment to California statute which increased the rate at which restitution payments could be collected was not an Ex Post Facto Clause violation because it did not impose additional punishment); *United States v. Baggett*, 125 F.3d 1319, 1323 (9th Cir. 1997) (procedural changes which made it less onerous for an United States Attorney to substantiate requested restitution amounts was not an Ex Post Facto Clause violation because the changes did not increase the available punishment).

**[4]** In view of the foregoing, we conclude that because the government proceeded to collect Gianelli's VWPA restitution obligation by means of the FDCPA, the California limitation on enforcement set forth in California Code of Civil Procedure § 683.020 is inapplicable.[5]

### B.   Appeal of Restitution Amount

Gianelli also argues that the sentencing portion of the 1987 judgment that required him to pay restitution in the amount of $125,000 was improper under *Hughey.* Interpreting 18 U.S.C. §§ 3579 and 3580 in *Hughey*, the Supreme Court held that "the language and structure of the [VWPA] make plain Congress' intent to authorize an award of restitution only for the loss caused by the specific conduct that is the basis of the offense of conviction." *Hughey*, 495 U.S. at 413.

**[5]** Gianelli was sentenced on May 13, 1987. He never appealed that sentence. The first time he filed an appeal

---

[5]We express no opinion on whether, even though California law would bar the issuance of a writ of execution on the extant restitution judgment, California law would not preclude the federal government from filing a new lawsuit on the judgment and obtaining a renewed judgment that would be enforceable under California law. *See Custer v. McCutcheon*, 283 U.S. 514, 519 (1931); *Smith v. United States*, 143 F.2d 228, 229 (9th Cir. 1944); *see also United States v. Thornburg*, 82 F.3d 886, 893-894 (9th Cir. 1996); *United States v. Overman*, 424 F.2d 1142, 1147 n.7 (9th Cir. 1970); *Smith*, 143 F.2d at 229.

related to his case was October 26, 2001. In that appeal, he challenged the October 17, 2001 district court Order Imposing Payment Plan for his outstanding restitution balance.[6]

[6] Gianelli waived his ability to appeal the amount of restitution ordered in the 1987 judgment by failing to file a direct appeal from that judgment. *See United States v. James*, 109 F.3d 597, 599 (9th Cir. 1997) (concluding that where a defendant fails to raise an issue in his first direct appeal he waives the issue); *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994) (concluding that "nonconstitutional sentencing errors that have not been raised on direct appeal have been waived and generally may not be reviewed by way of [a habeas petition]"). *But see United States v. Broughton-Jones*, 71 F.3d 1143, 1147 (4th Cir. 1995) (holding, in the context of a valid waiver of appeal executed pursuant to a plea agreement, that "[b]ecause a restitution order imposed when it is not authorized by the VWPA is no less illegal than a sentence of imprisonment that exceeds the statutory maximum, appeals challenging the legality of restitution orders are . . . outside the scope of a defendant's otherwise valid appeal waiver.") (internal quotation marks omitted).

[7] While Gianelli has not asserted any authority under which he might bring a collateral attack of the restitution order, in the somewhat analogous context of federal habeas relief, 28 U.S.C. § 2255, "an error of law [or fact] does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice."[7] *United States v. Addonizio*,

---

**6**Gianelli raised his *Hughey* objection in his reply brief related to that 2001 appeal. This does not affect the outcome of his case. In addition to the fact that arguments raised for the first time in a reply brief are generally considered waived, *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990), as discussed below, Gianelli waived his ability to appeal the amount of his restitution judgment by not timely appealing that judgment.

**7**Gianelli cannot present his claim for relief from the restitution order as a habeas petition because he is not seeking release from custody, and because review of restitution orders is not properly brought in a habeas petition. *See United States v. Thiele*, 314 F.3d 399, 401 (9th Cir. 2002).

442 U.S. 178, 185-87 (1979) (internal citations and quotation marks omitted) (noting that a "complete miscarriage of justice" would occur if a court refused to vacate a sentence where the conduct for which a defendant was convicted was subsequently made legal) (citing *Davis v. United States*, 417 U.S. 333 (1974)); *see also United States v. Wilcox*, 640 F.2d 970, 973 (9th Cir. 1981) ("Errors of law which might require reversal of a conviction or sentence on appeal do not necessarily provide a basis for [habeas relief].").

**[8]** The indictment which contained the count to which Gianelli pleaded guilty alleged that Gianelli and others, as a result of an illegal scheme, received approximately $160,000 in cash. The sentencing court, by way of the Presentence Report, was aware of this amount, and was aware of Gianelli's assets, income, and liabilities. The Presentence Report also indicated that Gianelli "appears to have used approximately $50,000 from the kickback scheme in the purchase of his current residence in 1983," and that Gianelli "appears to have been the primary mover of the scheme, and without his knowledge and cooperation the scheme could not have been carried out." In addition, after our remand in Gianelli's appeal of the October 17, 2001 order, the district court noted, "[d]uring the pendency of this remand . . . the United States received payment of $80,901.88 from the [voluntary] escrow sale of [Gianelli's] real property . . . . The parties have stipulated that if the court finds that the restitution order is not time-barred . . . these funds will be applied to and fully satisfy defendant's restitution debt, absent a contrary order from the court of appeals." In light of these factors, it would not be a "complete miscarriage of justice" if Gianelli were precluded from collaterally attacking the amount of his restitution obligation.

Gianelli argues that his right to challenge the amount of the restitution judgment should not be forfeited by reason of his failure to file a direct appeal back in 1987 because the deci-

sion in *Hughey* did not come down until 1990. This argument is unpersuasive.

In 1987 when Gianelli was sentenced, the VWPA provided,

> The court, in determining whether to order restitution under section 3579 of this title and the amount of such restitution, *shall consider the amount of the loss* sustained by any victim *as a result of the offense*, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate.

*Hughey*, 495 U.S. at 416-17 (quoting 18 U.S.C. § 3580(a) (1982)) (emphasis added). The *Hughey* court simply reaffirmed what the Act had already "ma[d]e plain": that it was "Congress' intent to authorize an award of restitution only for the loss caused by the specific conduct that is the basis of the offense of conviction." *Id.* at 413. If Gianelli thought the amount of restitution ordered was inappropriate back in 1987, he could have appealed that order. *See Schlesinger*, 49 F.3d at 486 (holding that failure to raise an issue on direct appeal was not excusable where "there is absolutely no reason why [the defendant] should not have known of, and been able to appeal, the alleged errors immediately") (internal quotation marks omitted).

Gianelli further argues that he could not have appealed the amount of the restitution order earlier because it was not until May 2007 that the district court determined the VWPA was the basis for the order. This argument is likewise unpersuasive. The two possible bases for the restitution order in 1987 were the VWPA and the FPA. *See Gianelli*, 55 Fed. App'x. at 832. As we have previously stated, Gianelli could have appealed the amount of the restitution order under the VWPA if he had been inclined to bring that appeal in 1987. In addition, at the time of Gianelli's sentencing in May 1987, the

FPA provided that a defendant "[m]ay be required to make restitution or reparation to aggrieved parties *for actual damages or loss caused by the offense* for which conviction was had." 18 U.S.C.A. § 3651 (repealed Nov. 1, 1987). If Gianelli had been inclined, when he was sentenced, to challenge the amount of his restitution obligation on the ground he now asserts, he could have done so under the then express language of the FPA. *See Schlesinger*, 49 F.3d at 486.

## IV.   CONCLUSION

**[9]** Because the government proceeded under the FDCPA to enforce the restitution judgment against Gianelli, the government is not bound by California Code of Civil Procedure § 683.020, and enforcement is not precluded by the Ex Post Facto Clause. Gianelli waived his objection to the amount of the 1987 restitution order by failing to file a timely direct appeal.

The judgment of the district court is **AFFIRMED**.