**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Juan D. VEGA, Jr., Defendant–Appellant.**

**No. 07–30214.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 5, 2009.

R.App. P. 34(a)(2).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Helen J. Brunner, Esq., Andrew C. Friedman, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Juan D. Vega, Jr., Sheridan, OR, pro se.

Before: BEEZER, FERNANDEZ and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Juan D. Vega, Jr., a federal prisoner, appeals from the district court's denial of his motion for reconsideration of his motion to clarify the judgment in his criminal case. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Vega contends that the district court erred by finding that it did not have authority to adjust the restitution order pursuant to 18 U.S.C. § 3664(k). We conclude that the district court did not err when it determined that there was no material change in Vega's economic circumstances and denied Vega's motion for reconsideration for that reason. *See* 18 U.S.C. § 3664(k).

** This disposition is not appropriate for publication and is not precedent except as provid-

Vega also contends that the Bureau of Prisons did not have authority to apply money that he received from friends or family members to his required restitution payments. As the district court properly concluded in its order denying Vega's motion for clarification, this claim is a challenge to the execution of his sentence and must therefore be brought in a petition pursuant to 28 U.S.C. § 2241 in the district of imprisonment. *See Tucker v. Carlson,* 925 F.2d 330, 331 (9th Cir.1991); *Hernandez v. Campbell,* 204 F.3d 861, 865 (9th Cir.2000).

Vega also contends that the district court committed numerous errors in the imposition of the underlying restitution order. Because Vega did not raise these claims in a direct appeal from his sentence, they are waived. *See United States v. Gianelli,* 543 F.3d 1178, 1184 (9th Cir. 2008); *United States v. Schlesinger,* 49 F.3d 483, 485 (9th Cir.1995).

**AFFIRMED.**