FILED

NOT FOR PUBLICATION

OCT 05 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50483 |
| Plaintiff - Appellee, | D.C. No. 2:97-cr-01058-JFW |
| v. | |
| LANCE DARRYL OAK, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Former federal prisoner Lance Darryl Oak appeals pro se from the district court's order denying his motion to terminate and remit restitution, for return of restitution, and terminating supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Oak contends that the district court had jurisdiction to review his challenge to the restitution order and forfeiture judgment. The district court correctly concluded that the statutory provisions governing restitution do not provide jurisdiction to modify the amount of restitution ordered after a judgment has become final. *See e.g.* 18 U.S.C. §§ 3613A(a), 3664(k) (allowing the court to adjust the payment schedule of a restitution order under certain circumstances). Furthermore, Oak waived his right to challenge the amount of restitution by failing to specifically raise, on his second direct appeal, any issue relating to the victim bank's alleged recoupment of its earlier losses. *See United States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir. 2008).

Nor can Oak challenge the restitution order through a petition for writ of error coram nobis, because he has not proven that valid reasons exist for failing to attack the restitution order earlier. *See United States v. Kwan*, 407 F.3d 1005, 1011 (9th Cir. 2005) *abrogated on other grounds by Padilla v. Kentucky*, 130 S. Ct 1473 (2010).

Oak also contends that the district court abused its discretion by refusing to grant an early termination of his supervised release pursuant to 18 U.S.C. § 3583(e)(1). The district court properly based its decision upon the finding that Oak still owes more than $200,000 in restitution. *See* 18 U.S.C. §§ 3553(a)(7),

3583(e)(1); *see also United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006) (concluding that it is the defendant's burden to demonstrate that early termination is justified).

We decline to consider Oak's constitutional and ineffective assistance claims because he failed to raise these issues in the district court. *See United States v. Napier*, 463 F.3d 1040, 1045-46 (9th Cir. 2006).

To the extent that Oak raises new issues for the first time in his reply brief, we decline to consider them. *See Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990).

**AFFIRMED.**

09-50483