UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50094 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-01332-PSG-1 |
| v. | Central District of California, Los Angeles |
| HERMAN CANDLER GRIGSBY, | ORDER |
| Defendant - Appellant. | |

Before: WARDLAW and BERZON, Circuit Judges, and WHYTE, Senior District Judge.[*]

The memorandum disposition filed on January 9, 2012 is hereby

AMENDED. The clerk shall file the attached amended memorandum disposition.

The panel has voted to deny the petition for rehearing. Judges Wardlaw and

Berzon vote to deny the petition for rehearing en banc, and Judge Whyte so

recommends.

The full court has been advised of the petition for rehearing en banc, and no

judge requested a vote on whether to rehear the matter en banc. Fed. R. App. P.

35.

[*] The Honorable Ronald M. Whyte, Senior United States District Judge for the Northern District of California, sitting by designation.

The petition for panel rehearing and the petition for rehearing en banc are DENIED.

No further petitions for rehearing or for rehearing en banc may be filed.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50094 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-01332-PSG-1 |
| v. | |
| HERMAN CANDLER GRIGSBY, | AMENDED MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted August 5, 2011
Pasadena, California

Before: WARDLAW and BERZON, Circuit Judges, and WHYTE, Senior District
Judge.[**]

Herman Grigsby appeals his conviction of one count of attempted travel in

foreign commerce with intent to engage in illicit sexual conduct, in violation of 18

U.S.C. § 2423, and one count of possession of child pornography in violation of 18

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Ronald M. Whyte, Senior United States District Judge
for the Northern District of California, sitting by designation.

U.S.C. § 2252(A)(a)(5)(B). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The district court did not err by increasing Grigsby's offense level by four levels pursuant to U.S.S.G. § 2G2.2(b)(4) based on a finding that Grigsby possessed an image that depicted an adult male engaged in anal penetration with a minor male. A single image is sufficient to trigger the § 2G2.2(b)(4) enhancement. *See United States v. Holt*, 510 F.3d 1007, 1011 (9th Cir. 2007). In the district court, Grigsby "agree[d]" that the photograph qualified for an enhancement under *United States v. Rearden*, 349 F.3d 608, 615 (9th Cir. 2003), and declined the court's offer to conduct an evidentiary hearing on the issue. He now seeks to distinguish *Rearden* only on the ground that he lacked the mental state necessary for imposition of the enhancement. But this argument ignores application note 2 to U.S.S.G. § 2G2.2, which makes clear that the provision "applies if the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence, regardless of whether the defendant specifically intended to possess, access with intent to view, receive, or distribute such materials." We do not address Grigsby's constitutional argument against the application of U.S.S.G. § 2G2.2(b)(4) here because that argument was first raised in his reply brief. *See*

2

*United States v. Gianelli*, 543 F.3d 1178, 1184 n.6 (9th Cir. 2008) ("[A]rguments raised for the first time in a reply brief are generally considered waived.").

2. Grigsby waived his challenge to the two-level increase under U.S.S.G. § 2G2.2(b)(6) for offenses involving "use of a computer or an interactive computer service" by stipulating to this enhancement in his plea agreement. Moreover, the provision applies because Grigsby used WebTV, which is "a service or system that provides access to the Internet." 47 U.S.C. § 230(f)(2); U.S.S.G. § 2G2.2, app. n.1.

3. The district court did not plainly err by failing to specify whether it employed a preponderance of the evidence or a clear and convincing standard of proof in applying the § 2G2.2(b)(4) and § 2G2.2(b)(6) enhancements because the government made the required factual showing under either standard. Thus Grigsby has failed to demonstrate that any error "affected [his] substantial rights" by "affect[ing] the outcome of the district court proceedings." *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009) (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)).

4. The district court correctly applied the multi-count enhancement pursuant to U.S.S.G. § 3D. Grigsby's argument that the court incorrectly considered the possession count to be more "serious" than the attempted travel count reads a moral connotation into this section of the Guidelines, when the "serious" finding

3

refers to the relative offense level of different groups of counts. *See* U.S.S.G. § 3D1.4(a)-(c).

5. The district court did not abuse its discretion by choosing not to reduce Grigsby's criminal history score under U.S.S.G. § 4A1.3(b)(1). While the provision gives district courts the discretion to depart downward, doing so is not mandatory, and given that Grigsby's arrest for driving under the influence came 21 days before his arrest for the current offenses and that his blood alcohol concentration was 0.25, the district court's decision was not unreasonable.

6. Although Grigsby raised policy arguments about flaws in the child pornography section of the Guidelines before his sentencing hearing, he did not object at sentencing to the district court's failure to address these arguments. Therefore we review this claim for plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 n.3 (9th Cir. 2010). Grigsby contends that the Guidelines illogically result in harsher punishment for possession of child pornography than for crimes involving actual contact with minors. The district court did not err in rejecting this argument. Rather, it made clear that Grigsby's attempted foreign travel for the purposes of an illicit sexual encounter with a child demonstrated that his crime was more dangerous than possession of pornography. The district court acknowledged that its sentence was "lengthy" and "harsh," and

4

indeed it imposed a 121-month sentence that exceeded the government's recommended 97-month sentence.

7. The within-Guidelines sentence imposed by the district court is not substantively unreasonable. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). The reasonableness of the district court's sentence is adequately supported by Grigsby's attempt to engage in an actual contact crime, his admitted pedophilia, and decades of collecting child pornography.

8. The district court did not err by requiring that Grigsby submit to drug testing as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). This condition is permissible in light of the extensive evidence of Grigsby's current alcohol and past drug abuse, and the connection between his alcoholism and the offenses for which he was convicted. *See* 18 U.S.C. § 3583(d); *United States v. Sales*, 476 F.3d 732, 735-36 (9th Cir. 2007). Grigsby's reliance on *United States v. Betts*, 511 F.3d 872 (9th Cir. 2007), is misplaced. There we vacated a no-alcohol condition where there was no evidence of any kind of substance abuse, and distinguished cases such as this one where there is "some evidence of prior alcohol, drug, or prescription medicine abuse." *Id*. at 879.

9. The district court did not abuse its discretion by imposing a condition of supervised release pursuant to 18 U.S.C. § 3583(d) requiring that Grigsby submit

5

to searches and seizures of computers and related devices. "Subjecting computers and other devices able to access the Internet to monitoring, search and seizure is critical to preventing [Grigsby] from viewing or obtaining child pornography." *United States v. Goddard*, 537 F.3d 1087, 1090 (9th Cir. 2008). This condition of supervised release is sufficiently narrow because it applies only to those devices connected to the Internet. *See United States v. Quinzon*, 643 F.3d 1266, 1272-74 (9th Cir. 2011) (analyzing an identically-worded condition of supervised release).

10. Because Grigsby failed to object to the 2,000 feet residency condition, we review for plain error. *United States v. Daniels*, 541 F.3d 915, 928 (9th Cir. 2008). Though the district court failed to articulate the reason for imposing the 2,000 feet restriction, some form of residency restriction was appropriate, given the crimes to which he pleaded guilty, and the district court did not plainly err by imposing the one recommended by the Probation Office. *Cf. United States v. Rudd*, – F.3d –, 2011 WL 5865897 (9th Cir. Nov. 23, 2011) (finding an abuse of discretion in the imposition of 2,000 feet restriction over objection without articulating a sufficient basis for the distance chosen).

**AFFIRMED.**