NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 18, 2022[*]
Decided February 22, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 21-1309

| | |
|---|---|
| CHONG LENG LEE, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Eastern District of |
| | Wisconsin. |
| | |
| *v.* | No. 20-CV-1637 |
| | |
| KEVIN A. CARR, | William E. Duffin, |
| *Defendant-Appellee*. | *Magistrate Judge*. |

**O R D E R**

Chong Lee, a prisoner at Wisconsin's Waupun Correctional Institution, owes criminal restitution but believes that the Wisconsin Department of Corrections is

---

[*] The appellee was not served with process and is not participating in this appeal. We have agreed to decide the case without oral argument because the appellant's brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

deducting too much money from his prison trust account to satisfy it. He sued the Secretary of the Department under 42 U.S.C. § 1983, arguing that the policy allowing a 50% deduction from transfers into his account violates his constitutional rights. The district court dismissed his complaint at screening for failure to state a claim. The dismissal was proper, and so we affirm.

A Wisconsin court entered a judgment of conviction against Lee that included an order to pay several thousand dollars in restitution to the parents of his homicide victim. According to Lee, the order specified that 25% of the funds in his prison account, exclusive of wages, would be applied towards restitution. Later, the Wisconsin legislature passed Act 355, pursuant to which the Department instituted a state-wide policy increasing from 25% to 50% the rate at which funds may be deducted from inmates' trust accounts to pay their debts. Officials at Waupun then began applying 50% of the funds entering Lee's account (money sent by family and friends as well as the wages from his prison job) toward restitution. Lee alleges that he complained to various officials that this violated the criminal court's restitution order, but they told him that the new policy superseded the order.

Lee then sued Kevin Carr, the Secretary of the Department, under 42 U.S.C. § 1983, urging that the Department was stealing from him and ignoring a valid court order. He maintained that the increased deductions violated his constitutional rights and sought a refund, punitive damages, and an order instructing the Department to comply with the court order that his funds be deducted at a rate of 25%.

A magistrate judge presiding with the parties' consent, *see* 28 U.S.C. § 636(c),[1] screened Lee's complaint under 28 U.S.C. § 1915A and dismissed it for failure to state a claim. Analogizing Lee's case to a recent nonprecedential order in which this court affirmed the dismissal of a similar challenge to the deduction policy, *see Olson v. Schwochert*, 783 F. App'x 614 (7th Cir. 2019), the court first noted that Secretary Carr was not personally involved in deducting funds from Lee's account and so was not a proper defendant. Even if he were, the court continued, Lee could not state a due-process claim because he was not entitled to notice and a hearing before the implementation of a generally applicable policy.

---

[1] The state has permissibly given limited consent to magistrate judge jurisdiction at screening in the Eastern District of Wisconsin through a Memorandum of Understanding with the court. *See Brown v. Peters*, 940 F.3d 932, 937 (7th Cir. 2019).

On appeal, Lee first argues that he stated a due-process claim against Carr. He maintains that because he wrote to Carr's office to object to the policy and he received a reply from Carr's assistant, there was sufficient personal involvement by Carr. The personal-involvement requirement of § 1983 can be satisfied if a defendant knew of and consented to a constitutional violation. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). But the knowledge of Carr's staff is not automatically attributed to him. Nor does § 1983 allow for his liability based on what his staff did or failed to do. *See Taylor v. Ways*, 999 F.3d 478, 493–94 (7th Cir. 2021). With exceptions not relevant here, government officials are liable only for their own misconduct. *Id.*

More importantly, Lee cannot state a federal due-process claim against any defendant. Lee argues that because prisoners have a property interest in the funds in their accounts, *see Campbell v. Miller*, 787 F.2d 217, 222 (7th Cir. 1986), due process requires the Department to produce "some evidence" of conduct that authorizes the deductions. Citing *Superintendent, Massachusetts Corr. Inst. at Walpole v. Hill*, 472 U.S. 445, 447 (1985), he contends that he was owed a chance to dispute the policy before it was applied to him. But *Hill* concerned the procedural protections required when an inmate is singled out for disciplinary measures. 472 U.S. at 447. Here, the funds were deducted from Lee's account under a department-wide policy, and he had no right to individual notice and a hearing before such a policy was applied. *Pro-Eco, Inc. v. Bd. of Comm'rs of Jay Cnty., Ind.*, 57 F.3d 505, 513 (7th Cir. 1995).

Lee protests that the Department lacked authority to override the state court's valid order specifying that funds be deducted from his account at a rate of 25%. But even if there was such an order, a state official's failure to obey a state court decision does not violate the federal Constitution. *See Wozniak v. Adesida*, 932 F.3d 1008, 1011 (7th Cir. 2019). Further, the criminal judgment on which Lee bases his argument (which he attached to his appellate brief but was not in the record before the district court) contradicts Lee's allegation of its contents. The state court ordered that Lee "authorize the [D]epartment to collect, from [his] wages and from other monies held in [his] inmate account, an amount or a percentage *which the [D]epartment determines is reasonable* for restitution to victims." (emphasis added).

Lee also argues that increasing the rate of deductions violated the Ex Post Facto Clause, but that theory fares no better. The Department's decision to speed up collection of his pre-existing debt is not a "punishment" within the meaning of the Ex Post Facto Clause. *See United States v. Newman*, 144 F.3d 531, 538–39 (7th Cir. 1998); *see also Quarles v. Kane*, 482 F.3d 1154, 1155 (9th Cir. 2007).

Because we affirm the district court's dismissal for failure to state a claim, Lee has earned a "strike" under 28 U.S.C. § 1915(g) for this appeal.

AFFIRMED