**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-1518 |
| Plaintiff - Appellee, | D.C. No. 4:18-cr-00072-DCN-1 |
| v. | |
| JAMES C. GOODWIN III, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted May 29, 2024**

Before:    FRIEDLAND, BENNETT, and SANCHEZ, Circuit Judges.

James C. Goodwin III appeals pro se from the district court's order denying

several postconviction motions.  We have jurisdiction under 28 U.S.C. § 1291, and

we affirm.

Goodwin first contends that the district court improperly delegated its

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

authority to the Bureau of Prisons ("BOP") to set a payment schedule for his monetary penalties. The record belies this claim. The judgment sets forth a minimum payment schedule and, as the district court explained, the BOP can administer the Inmate Financial Responsibility Program to require payment "at a higher or faster rate than was specified by the sentencing court." *United States v. Lemoine*, 546 F.3d 1042, 1044 (9th Cir. 2008). Therefore, the district court properly denied Goodwin's motion for a temporary injunction.

Goodwin next challenges his obligation to pay restitution and an assessment under the Justice for Victims of Trafficking Act. Goodwin waived these claims by failing to raise them on direct appeal, *see United States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir. 2008), and in any event has not shown error in the district court's analysis of his contentions.

As to the district court's denial of Goodwin's motions for an extension of time and leave to appeal in forma pauperis, we agree with Goodwin that these matters are now moot. We also find no error in the district court's denial of Goodwin's "motion to seal case or alter language," or in its summary disposition of Goodwin's various motions without a response by the government.

Finally, the district court denied without prejudice Goodwin's motion to compel the government to return property and provide documents. We agree with the district court that Goodwin's motion was deficient because he did not identify

any particular items he wanted returned.[1]  We affirm without prejudice to Goodwin filing in the district court a new motion in which he identifies the property he seeks returned.

Goodwin's request for sanctions is denied.

**AFFIRMED.**

---

[1] We do not consider the list of items Goodwin provides for the first time on appeal because this was not before the district court.