**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee*,

v.

CURTIS BLACKWELL, JR.,
        *Defendant-Appellant.*

No. 16-10287

D.C. No.
3:91-cr-00285-MHP

OPINION

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted March 8, 2017[*]
San Francisco, California

Filed April 3, 2017

Before: Edward Leavy, William A. Fletcher,
and John B. Owens, Circuit Judges.

Per Curiam Opinion

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

SUMMARY**

**Criminal Law**

The panel affirmed the district court's order denying Curtis Blackwell, Jr.'s motion to set aside collection of a fine and restitution, which Blackwell was ordered to pay in a 1993 criminal judgment.

Blackwell argued that under 18 U.S.C. § 3613(b)(1), his liability to pay the fine and restitution expired 20 years after his judgment was entered. At the time Blackwell's judgment was entered, the Victim and Witness Protection Act (VWPA) provided that a criminal defendant's liability to pay a fine expired either 20 years after the entry of judgment or upon the death of the defendant. The Mandatory Victims Restitution Act of 1996 (MVRA) amended the VWPA to provide that the liability to pay a fine or restitution shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the defendant.

The panel held that the MVRA, and not the VWPA, applied because the MVRA's amendment merely increased the time period over which the government could collect the fines and restitution, and did not affect Blackwell's substantive rights. The panel rejected as meritless the argument that application of the MVRA violates the Ex Post Facto Clause.

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Curtis Blackwell, Jr., Lompoc, California, pro se Defendant-Appellant.

Julie C. Reagin, Assistant United States Attorney; Sara Winslow, Chief, Civil Division; Brian J. Stretch, United States Attorney; United States Attorney's Office, San Francisco, California; for Plaintiff-Appellee.

**OPINION**

PER CURIAM:

Curtis Blackwell, Jr., appeals pro se from the district court's order denying his motion to set aside enforcement of the fine and restitution ordered as part of his criminal judgment. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

I

In 1993, Blackwell pled guilty to two counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d), and two counts of carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). Blackwell was sentenced to 357 months in prison and ordered to pay $10,000 in fines and $4,122 in restitution. In January 2013, Blackwell stopped paying his fines. After the government demanded in 2015 that he pay the remaining balance, Blackwell filed a pro se motion seeking to set aside collection of his fines and restitution. He argued that under 18 U.S.C. § 3613(b)(1), his liability to pay the ordered fine

and restitution had expired in 2013, 20 years after his judgment was entered.  The district court denied Blackwell's motion.

## II

At the time Blackwell's judgment was entered, the Victim and Witness Protection Act ("VWPA") provided that a criminal defendant's liability to pay a fine expired either 20 years after the entry of judgment or upon the death of the defendant.  *See* 18 U.S.C. § 3613(b) (1993).   In 1996, however, Congress passed the Mandatory Victims Restitution Act of 1996 ("MVRA"), Pub. L. No. 104-132, 110 Stat. 1227. In relevant part, the MVRA amended the VWPA to provide that the liability to pay a fine or restitution shall terminate "the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the [defendant]." 18 U.S.C. § 3613(b).

The district court determined that the MVRA, and not the VWPA, applied.  We agree.  While statutes are ordinarily given only prospective effect, "when a statute is addressed to remedies or procedures and does not otherwise alter substantive rights, it will be applied to pending cases." *Friel v. Cessna Aircraft Co.*, 751 F.2d 1037, 1039 (9th Cir. 1985) (per curiam) (footnote omitted).  We generally have held that statutes of limitations are procedural or remedial in nature. *See id.* ("Statutes of limitations are usually considered remedial."); *see also Chenault v. U.S. Postal Serv.*, 37 F.3d 535, 538 (9th Cir. 1994) ("We have previously suggested that a rule extending a statute of limitations is procedural in nature . . . .").    Moreover, the MVRA's amendment to the termination of liability provision did not affect Blackwell's substantive rights.  After the MVRA was enacted, Blackwell

remained liable for the same amount of fines and restitution as he was prior to the enactment. The MVRA merely increased the time period over which the government could collect those fines and restitution. Accordingly, the district court correctly applied the MVRA and determined that Blackwell's liability to pay his fines and restitution had not terminated.

To the extent that Blackwell contends that application of the MVRA violates the Ex Post Facto Clause, this argument is likewise without merit. *See United States v. Gianelli*, 543 F.3d 1178, 1183 (9th Cir. 2008) ("Procedural changes . . . which do not alter the definition of criminal conduct or increase the penalty by which a crime is punishable, do not violate the Ex Post Facto Clause." (internal alterations and quotations omitted)); *United States v. Leo Sure Chief*, 438 F.3d 920, 924 (9th Cir. 2006) (where the statute of limitations had not yet run when the amendment extending the statute took effect, applying amendment did not violate the Ex Post Facto Clause because it did "not purport to resurrect an expired criminal charge").

**AFFIRMED.**