**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Johnny Madison WILLIAMS,
Jr., Defendant-Appellant.**

**United States of America,
Plaintiff-Appellee,**

v.

**Johnny Madison Williams, Jr.,
Defendant-Appellant.**

**United States of America,
Plaintiff-Appellee,**

v.

**Johnny Madison Williams, Jr.,
Defendant-Appellant.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**United States of America,
Plaintiff-Appellee,**

v.

**Johnny Madison Williams, Jr.,
Defendant-Appellant.**

**No. 15-30327, No. 15-30328, No.
15-30329, No. 15-30330**

United States Court of Appeals,
Ninth Circuit.

Submitted May 9, 2017 \*
Seattle, Washington

Filed May 11, 2017

Kyle Forsyth, Esquire, Assistant U.S. Attorney, Helen J. Brunner, Esquire, Assistant U.S. Attorney, DOJ-Office of the U.S. Attorney, Seattle, WA, for Plaintiff-Appellee

Nancy P. Collins, Attorney, Washington Appellate Project, Seattle, WA, for Defendant-Appellant

Before: McKEOWN, BEA, and N.R. SMITH, Circuit Judges.

MEMORANDUM \*\*

Johnny Madison Williams, Jr. appeals the district court's order denying his motion to discharge over $857,000 in criminal restitution. We have jurisdiction under 28 U.S.C. § 1291 and review de novo legal and constitutional challenges to the application of restitution sentences. *United*

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*States v. Berger*, 574 F.3d 1202, 1204 (9th Cir. 2009); *United States v. DeSalvo*, 41 F.3d 505, 511 (9th Cir. 1994). We affirm.

Williams argues that extending the time period under which he is obligated to pay restitution violates the Ex Post Facto Clause. When Williams was sentenced, his liability to pay restitution terminated "twenty years after the entry of the judgment." 18 U.S.C. § 3613(b)(1) (1992). However, under the Mandatory Victims Restitution Act of. 1996 ("MVRA"), a defendant's liability to pay restitution terminates "the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the [defendant]." 18 U.S.C. § 3613(b). We recently held that the MVRA's termination-of-liability provision applies in Williams's situation. *See United States v. Blackwell*, 852 F.3d 1164, 1166 (9th Cir. 2017) (per curiam). We also concluded that applying the MVRA's termination-of-liability provision is procedural and does not violate the Ex Post Facto Clause. *Id.*; *see also United States v. Gianelli*, 543 F.3d 1178, 1183 (9th Cir. 2008) ("Procedural changes, ... which do not alter the definition of criminal conduct or increase the penalty by which a crime is punishable, do not violate the Ex Post Facto Clause." (internal alterations and quotation marks omitted)).

**AFFIRMED.**