NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 11 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30327 |
| Plaintiff-Appellee, | D.C. No. 2:94-cr-00398-TSZ-1 |
| v. | |
| JOHNNY MADISON WILLIAMS, Jr., | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30328 |
| Plaintiff-Appellee, | D.C. No. 2:94-cr-00548-TSZ-1 |
| v. | |
| JOHNNY MADISON WILLIAMS, Jr., | |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30329 |
| Plaintiff-Appellee, | D.C. No. 2:94-cr-00550-TSZ-1 |
| v. | |
| JOHNNY MADISON WILLIAMS, Jr., | |

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant-Appellant.

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOHNNY MADISON WILLIAMS, Jr.,

Defendant-Appellant.

No.    15-30330
       D.C. No.
2:94-cr-00604-TSZ-1

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted May 9, 2017[**]
Seattle, Washington

Before:  McKEOWN, BEA, and N.R. SMITH, Circuit Judges.

Johnny Madison Williams, Jr. appeals the district court's order denying his motion to discharge over $857,000 in criminal restitution. We have jurisdiction under 28 U.S.C. § 1291 and review de novo legal and constitutional challenges to the application of restitution sentences. *United States v. Berger*, 574 F.3d 1202, 1204 (9th Cir. 2009); *United States v. DeSalvo*, 41 F.3d 505, 511 (9th Cir. 1994). We affirm.

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Williams argues that extending the time period under which he is obligated to pay restitution violates the Ex Post Facto Clause. When Williams was sentenced, his liability to pay restitution terminated "twenty years after the entry of the judgment." 18 U.S.C. § 3613(b)(1) (1992). However, under the Mandatory Victims Restitution Act of 1996 ("MVRA"), a defendant's liability to pay restitution terminates "the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the [defendant]." 18 U.S.C. § 3613(b). We recently held that the MVRA's termination-of-liability provision applies in Williams's situation. *See United States v. Blackwell*, 852 F.3d 1164, 1166 (9th Cir. 2017) (per curiam). We also concluded that applying the MVRA's termination-of-liability provision is procedural and does not violate the Ex Post Facto Clause. *Id.*; *see also United States v. Gianelli*, 543 F.3d 1178, 1183 (9th Cir. 2008) ("Procedural changes, . . . which do not alter the definition of criminal conduct or increase the penalty by which a crime is punishable, do not violate the Ex Post Facto Clause." (internal alterations and quotation marks omitted)).

**AFFIRMED.**