[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14049
Non-Argument Calendar

_____

D.C. Docket No. 1:95-cr-00114-FAM-3


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTONIO ROSELLO,
a.k.a. Antonio Rosello Herrero,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 4, 2018)

Before WILLIAM PRYOR, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Antonio Rosello, a federal prisoner, appeals the denial of his motion to terminate restitution ordered as part of his criminal judgment. The district court ruled that the Victim and Witness Protection Act, as amended by "the Mandatory Victim Restitution Act[, 18 U.S.C. § 3613(b) (1996),] extends [Rosello's] liability to pay [his] restitution judgment for 20 years after [his] release from imprisonment" and that his "restitution judgment has not expired because [he] remains incarcerated." Rosello argues that applying amended section 3613(b) to crimes he committed in 1994 violates the Ex Post Facto Clause of Article I, Section 9, clause 3 of the United States Constitution. Because the application of amended section 3613(b) does not "increas[e] the measure of punishment . . . [for Rosello's] crimes," *California Dep't of Corr. v. Morales*, 514 U.S. 499, 509 (1995), we affirm the denial of his motion to terminate restitution.

In June 1996, a jury found that Rosello committed six crimes related to his robberies of armored cars between July 1992 and November 1994. In August 1996, the district court sentenced Rosello to 45 years of imprisonment and ordered him to pay $1,218,000 in restitution. We affirmed Rosello's convictions and sentence. *United States v. Rosello*, 250 F.3d 746 (11th Cir. 2001) (unpublished table decision).

We "review ex post facto challenges *de novo*." *United States v. Muench*, 153 F.3d 1298, 1300 (11th Cir. 1998).

2

Effective April 24, 1996, Congress extended the period in which criminal defendants remain liable to pay restitution. Before the amendment, the Victim Protection Act provided that an order of restitution became unenforceable "twenty years after the entry of the judgment" or when the defendant died. 18 U.S.C. § 3613(b) (1994). Before Rosello's trial, Congress passed the Mandatory Restitution Act, which amended the Victim Protection Act to provide that "liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person ordered to pay restitution." *Id.* § 3613(b) (1996). Congress made the amendment "effective for sentencing proceedings in cases in which the defendant is convicted on or after [April 24, 1996]." Victim Restitution Act of 1995, Pub.L. No. 104–132, § 211, 110 Stat. 1214.

Article I, Section 9, clause 3 of the United States Constitution states, "No . . . ex post facto law shall be passed." The Ex Post Facto Clause prohibits Congress from enacting a law that "appl[ies] to events occurring before its enactment . . . [and] disadvantage[s] the offender affected by it[.]" *Lynce v. Mathis*, 519 U.S. 433, 441 (1997) (internal quotation marks and citations omitted). An "ex post facto inquiry . . . [focuses] not on whether a legislative change produces some ambiguous sort of 'disadvantage,' . . . but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is

3

punishable." *Morales*, 514 U.S. at 506 n.3. The Clause does not "forbid[] any legislative change that has any conceivable risk of affecting a prisoner's punishment." *Id.* at 508. Instead, the Clause prohibits only those retroactively applied laws that "produce[] a sufficient risk of increasing the measure of punishment attached to the covered crimes," *id.* at 509, or affects "the quantum of punishment" imposed, *Dobbert v. Fla.*, 432 U.S. 282, 294 (1977). That prohibition "operates not to protect an individual's right to less punishment, but rather as a means of assuring that an individual will receive fair warning of criminal statutes and the punishments they carry." *Hock v. Singletary*, 41 F.3d 1470, 1472 (11th Cir. 1995) (citing *Dobbert*, 432 U.S. at 298, and *Weaver v. Graham*, 450 U.S. 24, 28–30 (1981)).

The continued enforcement of Rosello's judgment of restitution under amended section 3613(b) does not violate the Ex Post Facto Clause. Amended section 3613(b) does not retroactively increase Rosello's sentence. The amended statute merely extends the span of time in which Rosello's victims can collect restitution from him. And the application of amended section 3613(b) did not "compromise . . . [Rosello's] right to receive fair notice of the punishment his offense carries." *Id.* at 1473. The extension of the collection period has no effect on the amount of restitution that Rosello owes. "His punishment remains what it was

4

when he committed the offense, at which time he had received fair notice of the crime and the punishment it carries." *Id.*

The prolongment of the period to collect restitution is like the extension of the statute of limitation to prosecute a criminal charge, which we long have held does not infringe the Ex Post Facto Clause, *see United States v. De La Mata*, 266 F.3d 1275, 1286 (11th Cir. 2001); *United States v. Grimes*, 142 F.3d 1342, 1351 (11th Cir. 1998). Even if a "change in the law obviously ha[s] a detrimental impact upon the defendant, . . . the law [is] not ex post facto . . . [unless the law] ma[kes] criminal a theretofore innocent act, . . . aggravate[s] a crime previously committed, . . . provide[s] greater punishment, []or change[s] the proof necessary to convict." *Dobbert*, 432 U.S. at 293. None of these concerns are implicated in an extension of the statute of limitation. *De La Mata*, 266 F.3d at 1286. Extending the period in which a defendant remains obligated to pay restitution likewise does not alter the definition of his criminal conduct or increase his punishment.

Rosello argues that *United States v. Seigel*, 153 F.3d 1256 (11th Cir. 1996), bars the district court from applying amended section 3613(b) to him, but Rosello interprets *Seigel* too broadly. No doubt, *Seigel* "h[e]ld that the M[andatory] V[ictims] R[estitution] A[ct] cannot be applied to a person whose criminal conduct occurred prior to April 24, 1996." *Id.* at 1260. But "judicial decisions cannot make law beyond the facts of the cases in which those decisions are announced." *Pretka*

5

*v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 762 (11th Cir. 2010). *Seigel* addressed whether the Ex Post Facto Clause prohibited the retroactive application of amendments to the Victim Protection Act that made restitution in the full amount of each victim's losses mandatory, 18 U.S.C. § 3664(f)(1)(A) (1996), and eliminated the discretion previously given to the district court to determine whether and how much restitution to award, *see id.* § 3664(a) (1985). 153 F.3d at 1258–60. The Court in *Seigel* concluded that the amended provision constituted an ex post facto law because amended section 3664 had the potential to increase the amount of restitution owed. *Id.* at 1260 (discussing *United States v. Baggett*, 153 F.3d 1319, 1322 (9th Cir. 1997)). Unlike amended section 3664, amended section 3613(b) creates no "risk of increasing the measure of punishment," *Morales*, 514 U.S. at 509, that would violate the Ex Post Facto Clause. *See United States v. Blackwell*, 852 F.3d 1164, 1166 (9th Cir. 2017) (rejecting an Ex Post Facto challenge to amended section 3613(b)).

The district court did not err by denying Rosello's motion to terminate. "[T]he ex post facto clause does not extend to every change which may work to a defendant's disadvantage . . . ." *Dufresne v. Baer*, 744 F.2d 1543, 1549 (11th Cir. 1984). Because an extension of the period to collect restitution does not "increase[] the penalty by which a crime is punishable," *Morales*, 514 U.S. at 506, the

retroactive application of amended section 3613(b) to Rosello does not violate the constitutional prohibition against ex post facto laws.

We **AFFIRM** the denial of Rosello's motion to terminate restitution.