**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1435
_____

UNITED STATES OF AMERICA

v.

MICHAEL NORWOOD,
                              Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 1-96-cr-00232-001)
District Judge:  Honorable Robert B. Kugler

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 16, 2020
Before:  JORDAN, BIBAS and PHIPPS, Circuit Judges

(Opinion filed: July 14, 2020)
_____

OPINION*
_____

PER CURIAM

    Michael Norwood appeals from the order of the District Court that (1) granted the

Government's motion to authorize the release of funds from Norwood's inmate account,

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

and (2) denied Norwood's motion to remove the Government's lien on that account. We will vacate and remand for further proceedings.

I.

The District Court sentenced Norwood for several federal crimes on May 30, 1997, and it has since resentenced him three times, most recently in 2013. In each of its judgments, the District Court sentenced Norwood to pay restitution in the total amount of $19,562.87. The District Court imposed restitution under the Victim and Witness Protection Act of 1982 ("VWPA"), which was the law when Norwood committed his crimes and which we and the District Court have applied to the issue of his restitution ever since. See, e.g., United States v. Norwood, 566 F. App'x 123, 128 (3d Cir. 2014) (applying VWPA principles in affirming the District Court's most recent judgment).

Shortly after Norwood committed his crimes, however, the Mandatory Victims Restitution Act ("MVRA") became effective on April 24, 1996. See United States v. Edwards, 162 F.3d 87, 89 (3d Cir. 1998). The MVRA amended the VWPA in one respect that is relevant to this appeal. Under the VWPA, liability to pay restitution "expires twenty years after the entry of the judgment[.]" 18 U.S.C. § 3613(b)(1) (1994 version). Under the MVRA, by contrast, "[t]he liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person ordered to pay restitution." 18 U.S.C. § 3613(b) (emphasis added). Thus, under the VWPA, it appears that Norwood's restitutionary liability would have expired on May 30, 2017, as measured from the date of his initial

2

judgment. Under the MVRA, however, Norwood's restitutionary liability would not expire until 20 years after his release from prison. According to the Bureau of Prisons, Norwood is scheduled for release in 2031.

The parties' present dispute arose when the Government learned that Norwood had approximately $5,900 in his inmate account as of June 21, 2016. Two days later, the Government filed a motion for an order authorizing the release those funds toward the payment of restitution. Norwood opposed the motion and filed a motion of his own to remove the Government's lien on his account. During supplemental briefing, Norwood argued that his restitutionary liability had expired under the VWPA and that applying the MVRA's extended period of liability instead would constitute an ex post facto violation. The District Court disagreed and held that Norwood remains liable for restitution under the MVRA. Thus, the District Court granted the Government's motion and denied Norwood's. Norwood appeals, and we have jurisdiction under 28 U.S.C. § 1291.

## II.

Norwood raised several issues in the District Court, but he presses only one on appeal—his argument that applying the MVRA version of § 3613(b) to him constitutes an ex post facto violation. Applying that version to Norwood may indeed raise ex post facto concerns.[1] We express no opinion on that issue, however, because this case might

---

[1] In Edwards, we held that applying the MVRA's mandatory restitution scheme instead of the VWPA's discretionary restitution scheme to a defendant who committed his crimes before the MVRA's effective date would constitute an ex post facto violation because the MVRA "increased the punishment for [the defendant's] crimes" by "alter[ing] his fiscal

not require its resolution.  Principles of constitutional avoidance generally counsel against resolving constitutional issues when the parties' dispute can be resolved on other grounds.  See Camreta v. Greene, 563 U.S. 692, 705 (2011).  Such may be the case here.

As we understand it, the only specific funds presently in dispute are those that were in Norwood's inmate account on June 21, 2016.  There would not appear to be any ex post facto issue as to those funds if they are subject to Norwood's restitutionary liability even under the VWPA.  Our review suggests that they might be, for two reasons that neither the parties nor the District Court have addressed.

First, the VWPA version of § 3613(b) provides for a 20-year period of restitutionary liability running from "the entry of the judgment."  18 U.S.C. § 3613(b)(1) (1994 version) (emphasis added).  The District Court has entered four judgments imposing restitution in this case, most recently in 2013.  There may be some question whether the District Court's amended judgments triggered a new 20-year period of

---

responsibility for [their] consequences." 162 F.3d at 89.  The same may be true here. Although applying the MVRA version of § 3613(b) would not directly increase the amount of Norwood's restitutionary liability, it would increase the duration of his liability and thus, as a practical matter, might increase the amount that he ultimately must pay.  We are aware that at least one Court of Appeals has concluded in a precedential opinion that applying the MVRA version of § 3613(b) to a defendant whose conduct predated the MVRA does not constitute an ex post facto violation because § 3613(b) is like a statute of limitations for ex post facto purposes.  See United States v. Blackwell, 852 F.3d 1164, 1166 (9th Cir. 2017) (per curiam).  One might argue that a statute of limitations governs the period for seeking a conviction and whatever penalties a conviction entails, while § 3613(b), by contrast, governs the consequences of a conviction by fixing the temporal scope of one such penalty.  But whether retroactively expanding that temporal scope amounts to an increase in punishment is a question for briefing and decision in the District Court in the first instance, should a decision on the

4

restitutionary liability under the VWPA. If so, then Norwood's restitutionary liability has not yet expired even under the VWPA and may not expire until 2033.

Second, the Government filed its motion for the release of Norwood's funds on June 23, 2016. Norwood later argued that his restitutionary liability under the VWPA expired on May 30, 2017. Even if Norwood is right, the Government filed its motion for the release of his funds before that date. Thus, there may be some question whether Norwood's funds would remain subject to his restitutionary obligation even under the VWPA because the Government timely sought them before his liability expired (or whether, by contrast, expiration of the VWPA period extinguishes a defendant's liability regardless of any collection efforts that are then in progress).

If Norwood's current funds are subject to his restitutionary liability even under the VWPA version of § 3613(b) for these reasons or any other, then the parties' dispute as to those funds would not appear to raise an ex post facto issue. We recognize that this circumstance would not necessarily resolve any ex post facto issue that might be presented to the extent that the parties' dispute can be construed to extend to funds that Norwood might receive in the future. To the extent that it can, however, Norwood's future funds might present either a different ex post facto issue or none at all.

Whether Norwood can even expect to receive funds in the future, for example, might entail some degree of speculation. Thus, the issue of Norwood's future funds might implicate the principle that retrospective application of a change in law is not an ex

issue become necessary.

post violation merely because it "create[s] some speculative, attenuated risk" of increasing a defendant's punishment. Cal. Dep't of Corr. v. Morales, 514 U.S. 499, 508-09 (1995). By the same token, the issue of Norwood's future funds might raise issues of Article III standing and ripeness that would bear on his ability to press an ex post facto challenge as to those funds in the first place.

We express no opinion on these issues. Instead, we note them by way of explaining why resolution of the issues relating to Norwood's current funds might obviate the need to resolve his ex post facto challenge or at least place it on a different footing than the challenge now presented to us. Thus, we will remand for the District Court to solicit the parties' views on, and then address, whether Norwood's current funds are subject to his restitutionary obligations even under the VWPA version of § 3613(b) for the reasons outlined above or for any other.[2] Depending on the District Court's resolution of that issue, the District Court then should address what, if anything, remains of Norwood's ex post facto challenge.

### III.

For these reasons, we will vacate the judgment of the District Court and remand for further proceedings.

---

[2] We leave the precise nature of further proceedings on remand to the District Court's discretion. Thus, we do not hold that the District Court necessarily must decide whether Norwood's current funds are subject to his restitutionary obligations even under the VWPA version of § 3613(b). It may be, for example, that the Government does not wish to take that position. If not, then principles of party presentation might counsel against deciding that issue. We express no opinion on that matter.