NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30089 |
| Plaintiff-Appellee, | D.C. No. 2:93-cr-00196-RSL-1 |
| v. | |
| DAVID MICHAEL HENSEL, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted December 14, 2021[**]

Before: WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

David Michael Hensel appeals pro se from the district court's order denying

his "Motion for Relief from Restitution and Expired Judgment Lien." We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court correctly concluded that Hensel's motion was barred by

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

claim preclusion because he brought the same claim in these proceedings—namely, that his restitution obligation expired in 2013 because the Mandatory Victims Restitution Act of 1996 ("MVRA") could not be applied to extend the enforcement of his pre-MVRA restitution judgment—that he had unsuccessfully raised in a prior civil garnishment action initiated by the government. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (stating the requirements of claim preclusion). Hensel's argument that claim preclusion does not apply because he was denied effective assistance of counsel in his garnishment action, and because the instant motion raises the additional issue of "fiscal responsibility," is unavailing. *See id.* (claim preclusion prohibits litigation of claims that were raised or could have been raised in a prior action); *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990) (no right to effective assistance of counsel in proceedings in which defendant does not have a constitutional right to counsel); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (constitutional right to counsel does not extend to collateral attacks).

Even if claim preclusion does not apply, the district court correctly concluded that Hensel's argument fails on the merits. *See United States v. Blackwell*, 852 F.3d 1164, 1166 (9th Cir. 2017) (holding that, because the MVRA "merely increased the time period over which the government could collect . . . fines and restitution," it applies to judgments entered before the MVRA was

enacted and such application does not violate the Ex Post Facto Clause).

**AFFIRMED.**