**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10198 |
| Plaintiff-Appellee, | D.C. No. 2:87-cr-00166-APG-LRL-1 |
| v. | |
| ERNESTO TRASLAVINA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted March 14, 2023[**]

Before:     SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

Ernesto Traslavina appeals pro se from the district court's orders denying his

motion to discharge his fine and motion for reconsideration.  We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

Traslavina contends that the district court should have discharged his fine

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

because it was a condition of supervision and his supervised release term had expired, and because the government's deadline to collect the payment had elapsed. However, Traslavina's criminal judgment shows that the fine was imposed as an independent sanction rather than a condition of supervision. Additionally, the government's collection efforts were authorized under the extended deadline provided by the Mandatory Victims Restitution Act, *see* 18 U.S.C. § 3613(b), which is applicable to judgments, like Traslavina's, that were entered before the statute's enactment. *See United States v. Blackwell*, 852 F.3d 1164, 1166 (9th Cir. 2017). Traslavina's contrary arguments are unpersuasive.

Traslavina's challenges to the district court's order denying reconsideration are also unavailing. The court did not abuse its discretion by denying reconsideration because Traslavina simply repeated his arguments for termination of the fine and added an unrelated claim requesting the return of property seized over 30 years ago. *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (stating standard of review and explaining that a reconsideration motion may not be used to raise new arguments).

We do not consider Traslavina's remaining arguments because they were not distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**